## CALVARY BAPTIST CHURCH EXTENSION ASS'N v. DISTRICT OF COLUMBIA.

### No. 9285.

United States Court of Appeals District of Columbia.

Argued Nov. 18, 1946.

Decided Dec. 9, 1946.

Mr. J. Barrett Carter, of Washington, D. C., for petitioner.

Mr. George C. Updegraff, Asst. Corp. Counsel, District of Columbia, of Washing-ton, D. C., with whom Messrs. Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, both of Washington, D. C., were on the brief, for respondent.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

GRONER, C. J.

The case involves the right of the District of Columbia to tax the property of petitioner, a universally recognized religious organization, for the fiscal year ending June 30, 1945. The Board of Tax Appeals concluded that a portion of the property involved was not exempt under Section 801a(n) of the tax law,[1] and accordingly sustained the tax as to such portion. The Board also held that the ownership and use of the property did not coincide in the same organization so as to entitle it to exemption under Section 801a(q) of the law.[2] But we believe the decision must turn upon the meaning attributable to Section 801a (n) of the tax law, and thus we need not pass on the interpretation of Section 801a (q). The former section grants exemption from tax in the case of "Buildings belonging to religious corporations or societies primarily and regularly used for religious worship, study, training, and missionary activities."

The essential facts found by the Board are as follows: Calvary Baptist Church is a religious organization in the District of Columbia. In the deed to the land on which the church building proper is erected there is a restrictive covenant limiting the amount of church indebtedness at any one time to $2,000. In the expansion of its religious activities the congregation planned to erect a Sunday School building which involved the necessity of borrowing sums of money in excess of $2,000. It accordingly organized petitioner, Calvary Baptist Church Extension Association, under the corporate laws of the District of Columbia. That corporation thereupon presumably took title to the land on which the Sunday School building was to be erected. In

---

[1] Act of December 24, 1942, 56 Stat. 1089, D.C.Code (Supp.1945) tit. 47, § 801a(n).

[2] Id. at § 801a (q).

order that it should at all times be subject to the Church's authority, its by-laws provide that it shall be controlled by direction of the Trustees of the Church. As a result, it is agreed that petitioner is the holder of the bare legal title to the Sunday School property and that the latter is to all intents and purposes the property of the Church. Six rooms of the Sunday School building were used for headquarters of the District of Columbia Baptist Convention, of which the Church is a part, and two rooms were used by the General Secretary of the Baptist World Alliance, of which the Church is also a part, the balance of the building being used by the Church for Sunday School purposes. Neither organization paid rent in the fiscal year in question for any portion of the Sunday School building occupied by it. The tax was assessed against the portion of the building used by these two organizations.

 The Tax Board found that petitioner is a trustee for Calvary Baptist Church. But, in the view we take of the broad language of subsection (n), the Board's conclusion that the property was not primarily and regularly used for religious worship or missionary activity is clearly wrong. No one disputes the fact that the Church itself and its trustee, Extension Association, are both solely engaged in religious activities precisely within the terms of the statute. The controlling section (n) sets up but two elements in order that the property be exempt—(1) that the building belongs to a religious corporation or society, and (2) that it is primarily and regularly used for religious worship, study, training and missionary activities. It is not disputed that both the Church and the Extension Association are within the terms of the first of these elements and it is clear to us that the entire use of the building is within the second. The Baptist Convention is an organization of Baptist Churches in the District of Columbia and nearby Maryland, to combine and direct the energies of the Baptist denomination in establishing and extending evangelical, missionary and benevolent work. The Baptist Alliance is an organization of the churches to

strengthen denominational influence in advancing and defending religious convictions and in propagating the principles of its faith. No one questions that they are both bona fide religious organizations or that their activities are not entirely devoted to those religious objectives at home and abroad, which almost universally, in state and nation, are considered sufficient to secure immunity from taxation.

The Congressional Committee, which considered and reported the Act[3] which is the present taxing law, stated in unequivocal words that the statute was designed to include under the language of subparagraph (n) those buildings which are entitled to exemption because of the character of the work carried on within. That is to say, where the nature of the organized work is essentially religious, there shall be no tax on a building belonging to a religious corporation or society, and to clarify its position in this respect the Committee reported that "houses of study" at Catholic University come within the section, thus demonstrating the intent of Congress to include all bona fide religious activities, whether in embryo or in full development. Certainly, it will not be contended that Congress had the slightest idea of discriminating as between denominations, nor, as we have seen, has it done so.

Reversed.

---

3 H.R.Rep.No.2635, 77th Cong. 2d Sess. (1942).