**DISTRICT OF COLUMBIA, Appellant,**

**v.**

**The MARYLAND SYNOD OF the LUTHER-AN CHURCH IN AMERICA,**
Appellee.

No. 6872.

District of Columbia Court of Appeals.

Argued April 2, 1973.

Decided July 11, 1973.

Rehearing en Banc Denied Nov. 2, 1973.

Richard G. Amato, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Henry F. Lerch, Washington, D. C., for appellee.

Before GALLAGHER, PAIR and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

■ This appeal comes to us from the Tax Division of the Superior Court. The

sole question presented is whether the real property located at 1443 Gallatin Street, N.W., in the District of Columbia (Lot 65 in Square 2805) which is owned by appellee, a religious organization, and rented with an option to purchase to the Mt. Zion Baptist Church, a religious organization, comes within either D.C.Code 1967, § 47–801a(m) or § 47–801a(n) [1] which provide real estate tax exemptions for property owned by certain religious institutions. The trial in Superior Court resulted from an appeal from a decision of the Chief of the Property Assessment Division of the District of Columbia ordering the removal of the property from tax exempt status pursuant to D.C.Code 1972 Supp., § 47–801e. The trial court found in a well-reasoned opinion that the appellee's real property involved herein, although rented to the aforesaid lessee church, was exempt from District of Columbia real property taxation in that it came within D.C.Code 1967, § 47–801a(n). We affirm.

The appellee is a nonprofit religious corporation, incorporated under the laws of Maryland, organized for the purpose of administering its constituent congregations. The property involved was acquired by appellee on March 17, 1969. On April 4, 1969, the subject property was leased by appellee to the Mt. Zion Baptist Church for the sum of $235 per month [2] with sums being creditable to the purchase price of the land if the church exercises its option to purchase. The church (lessee) uses the property primarily and regularly for "reli-

gious worship, study, training, and missionary activities." The tax in controversy is a real property tax for the fiscal year commencing July 1, 1970, in the amount of $1,469.96 with a penalty of $88.20, for a total of tax and penalty in the amount of $1,558.16.

Appellant's first contention is that the property as used herein does not fall under D.C.Code 1967, § 47–801a(n) [3] but rather under D.C.Code 1967, § 47–801a(m). The reason, according to appellant, is that the use of the building primarily and regularly for public religious worship makes such building a "church building" as defined in subsection (m).[4] Following this reasoning, appellant contends that in order for an owner to qualify for exemption under subsection (m), the building must, in accordance with the language of the statute, be used by "its" congregation. The simple answer to this contention is found by the trial court is that the appellee is not a church and does not claim exemption under subsection (m) as a church.

■ The two Code sections involved are not mutually exclusive but are complementary. The Congress enacted section 47–801a(n) to provide tax exemption to organizations whose buildings which, by virtue of their use, could not be classified as churches but which Congress felt should nonetheless be exempt from real property tax due to the "character of the work carried on within." [5]

---

1. The real property exempt from taxation in the District of Columbia shall be the following and none other: . . .

   (m) Churches, including buildings and structures reasonably necessary and usual in the performance of the activities of the church. A church building is one primarily and regularly used by its congregation for public religious worship.

   (n) Buildings belonging to religious corporations or societies primarily and regularly used for religious worship, study, training, and missionary activities.

2. The rental amount was computed on a basis sufficient only to permit the landlord (appellee) to make capital repairs to the structure and permanent fixtures, and to pay insurance against fire, casualty, liability and other hazards as required by the lease.

3. See note 1, supra.

4. Id.

5. H.R.Rep.No.2635, 77th Cong., 2d Sess. (1942).

 Appellant's second contention is that since appellee's only connection with the subject property was the collection of rent that its nexus to the character of the property's use was insufficient to entitle the owner to exemption from the real property tax. Further, it argues that the collection of rent removed the property from exempt status pursuant to D.C.Code 1967, § 47–801b. This section provides in essence that if such buildings owned and used by an institution otherwise exempt are used to secure a rent or income "for any activity other than that for which exemption is granted" such building shall be assessed and taxed. The trial court found, and we agree, that

> [t]he fact that rent or income is secured from exempt property is not, standing alone, sufficient reason to assess and tax the property. The crux is the *use of the property,* and not the fact that income may be derived from the property.
>
> . . . . . .

More important is that § 47–801b provides that the property should not be taxed unless the activity for which the property is used is for something other than "that for which the exemption is granted." . . .[6]

The trial court went on to find that the property was being used for an activity consistent with the exemption provided in D.C.Code 1967, § 47–801a(n) and that the subject property should not have been returned to the tax rolls. As stated by the trial court: "There is no requirement that the property must be owned and used by the same entity." Calvary Baptist Church Extension Ass'n v. District of Columbia, 81 U.S.App.D.C. 330, 158 F.2d 327 (1946).

In that case the court said:

> The controlling section (n) sets up but two elements in order that the property be exempt—(1) that the building belongs to a religious corporation or society, and

(2) that it is primarily and regularly used for religious worship, study, training and missionary activities. . . . [81 U.S.App.D.C. at 331, 158 F.2d at 328.]

Since the trial court's findings are supported by the record and we find no error in its application of the law, the judgment is

Affirmed.

---

6. It should also be noted that the trial court found no evidence that appellee was

obtaining a profit; in fact the evidence was found to the contrary.